IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ZIA U. HASHAM,                           )
                                         )
           Plaintiff,                    )
                                         )
      v.                                 )  No. 96 C 3326
                                         )
CALIFORNIA STATE BOARD OF                )
EQUALIZATION,                            )
                                         )
           Defendant.                    )

## OPINION AND ORDER

In 1996, plaintiff Zia Hasham brought this employment discrimination lawsuit against defendant California State Board of Equalization. Plaintiff is currently an employee of defendant and has been since 1981. Following a jury trial, it was found that defendant had discriminated against plaintiff in denying him promotion to a Supervisor I position. Following a ruling on postjudgment motions, see Hasham v. California Sate Bd. of Equalization, 1998 WL 456558 (N.D. Ill. July 31, 1998), a judgment was entered in favor of plaintiff awarding him damages and prejudgment interest and injunctive relief requiring that he be promoted to a Supervisor I position in defendant's Houston office, with seniority status retroactive to August 1993.

Initially, the injunctive relief was stayed pending appeal. However, when a Supervisor I opening occurred in Houston, the stay was lifted and it was ordered that plaintiff be promoted within 14 days. See Hasham v. California Sate Bd. of Equalization, 1998 WL 887083 (N.D. Ill. Dec. 11, 1998). Effective December 24, 1998, plaintiff received the salary increase and actually began working at the new position in January 1999. In the new position, plaintiff was placed in probationary status which was to last for one year. Subsequently, the July 31, 1998 judgment was affirmed on appeal. See Hasham v. California Sate Bd. of Equalization, 200 F.3d 1035 (7th Cir. 2000).

In September 1999, plaintiff brought a motion denominated as a Rule 60(b) motion for injunctive relief. He alleged that he was being retaliated against and requested that the judgment be amended to prohibit retaliation and to provide either front pay in lieu of continued employment or a transfer back to his Chicago tax auditor position but at Supervisor I pay. Before the motion was ruled upon, it was represented that the dispute had been resolved between the parties so the motion was stricken. Independent of the court, the parties entered into an agreement (the "1999 Agreement") which provided, in part, that plaintiff would return to his former tax auditor position in Chicago.

In October 2000, still represented by counsel, plaintiff moved to enforce the July 31, 1998 judgment order. Plaintiff contended defendant had not complied with the injunctive relief contained therein because it had placed him in probationary status. Plaintiff further contended that being in probationary status allowed defendant to threaten terminating his employment, thereby enabling defendant to force plaintiff to accept the terms of the 1999 Agreement in which he agreed to return to his tax auditor position. Plaintiff's motion was denied. It was held that being a Supervisor I in probationary status satisfied the injunctive relief that was ordered. See Order dated July 17, 2001 [docket entry 210] ("Hasham VII"). There being no violation of the judgment order, it was held that there was no other basis for granting plaintiff any relief. Plaintiff promptly moved for reconsideration, which was denied by a minute order entered on August 1, 2001.

There were no more filings in the case until April 2008 when plaintiff moved for equitable relief in lieu of the previously ordered injunctive relief. Plaintiff contends defendant never provided the promotion required by the July 1998 judgment. He contends that defense counsel made misrepresentations leading the court to believe that the ordered promotion had occurred. In lieu of still requiring the promotion--plaintiff represents that the Houston Office has

been substantially downsized so it would not be in the public interest to now require that California add a supervisor to the Office--plaintiff requests that he instead be promoted from a Business Taxes Specialist I ("BST-I") to a BST-II assigned to the Houston Office. Plaintiff also moves for discovery compelling defendant to disclose to him a report of an investigation of travel expenses in the Houston Office. Plaintiff contends this investigation covered the time period when he was a Supervisor I in Houston and will help support his contention that he was forced out of his Supervisor I position. Plaintiff contends it was difficult for him to be a supervisor in that he received no support from his superiors, including in his attempt to stop his employees from claiming improper travel expenses. Plaintiff now contends that being in probationary status and not receiving support from his superiors contributed to his being forced to step down from the Supervisor I position.[1] Defendant opposes both motions.[2] Defendant contends that plaintiff's motion for equitable relief is barred by contrary rulings in Hasham VII or

---

[1] In the preliminary statements of the 1999 Agreement and according to representations previously made to the court, it was concerns about the health of plaintiff's wife that prompted the decision to step down and return to Chicago. Plaintiff now contends this was an agreed-upon fabrication to provide a medical justification for his transfer back to Chicago.

[2] Instead of simply filing a brief opposing plaintiff's motion, defendant moves to strike plaintiff's motions. Plaintiff's motions will not be stricken, but the arguments contained in defendant's motions to strike will be considered.

should be denied as untimely and, with no open case or other pending motion, there is no basis for granting the discovery motion. Defendant also moves for sanctions pursuant to Fed. R. Civ. P. 11 or 28 U.S.C. § 1927 on the ground that plaintiff's motions are frivolous.[3]

In Hasham VII, this court carefully considered whether placing plaintiff in probationary status when promoted pursuant to a court order was appropriate. It was held that injunctions should be construed narrowly, in the context in which they were entered, and to avoid conflict with statutes or regulations that would otherwise apply to the litigants. Id. at 13. It was further held that California statutes did not require nor prohibit probationary status for a court-ordered promotion, but that it was consistent with the spirit of the applicable California statutes to impose probationary status for such a promotion. Id. at 14-16. It was also found that requiring a year of probation was consistent with the context in which the July 1998 judgment was entered. Id. at 16-18. Additionally, it was found that the rule of narrow construction supported permitting a probationary period. Id. at 18. For the foregoing reasons, it was held that placing plaintiff in probationary status did not violate the July 1998 judgment. It was found that

---

[3]Recently plaintiff moved to file a surreply. That motion will be granted and the surreply has been considered.

defendant had already complied with the injunctive relief ordered so there was no basis for further enforcing the judgment.[4] Id. at 19. Since plaintiff was not otherwise entitled to relief, it was unnecessary to consider whether the 1999 Agreement would be a bar to any of the claimed relief. See id. at 19-20.[5]

Ignoring issues of timing and whether this court presently has authority to modify the 1998 judgment, the law of the case doctrine presumes that the holdings in Hasham VII are correct and should not be modified absent good reason and circumstances where modifying the prior ruling will not unduly harm the party that benefitted from the prior ruling. United States v. Harris, 531 F.3d 507, 513 (7th Cir. 2008); Trustees of Pension, Welfare, & Vacation Fringe Benefit Funds of IBEW Local 701 v. Pyramid Elec., 223 F.3d 459, 468 n.4 (7th Cir. 2000); Avitia v. Metropolitan Club of Chicago, Inc., 49 F.3d 1219, 1227 (7th Cir. 1995). Even ignoring the modest presumption of the law of the case doctrine, plaintiff points to no sufficient reason for modifying the prior holding that defendant complied with the

---

[4]To the extent plaintiff was seeking to modify the injunction to expressly prohibit placing him in probationary status, it was noted that the then-pending motion was untimely if construed as a Fed. R. Civ. P. 60(b) motion.

[5]Plaintiff had also requested that the 1999 Agreement be declared void. It was held that the court lacked jurisdiction to directly consider the 1999 Agreement. Hasham VII, at 8-10. The 1999 Agreement would only have been considered as a defense to plaintiff's request to enforce the 1998 judgment.

1998 judgment for injunctive relief in late 1998 when it placed plaintiff in a probationary Supervisor I position in Houston. Plaintiff contends that defendant misrepresented what occurred and that plaintiff's counsel did not sufficiently understand the applicable California statutes. Plaintiff, however, does not point to facts that are different from what was known at the time of the prior ruling nor does he point to any California statute or regulation that would alter the prior ruling. For the reasons stated in Hasham VII, plaintiff has already received the injunctive relief that was ordered so there is no reason to modify that relief to instead order that he be placed in a BST-II position. That is a sufficient reason to deny plaintiff's request for equitable relief and moots the need for any related discovery.

Even if plaintiff's present arguments had merit, the motion for equitable relief would be denied as untimely. Plaintiff contends his motion is one pursuant to Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) does not encompass grounds that fall under other subsections of Rule 60(b). Webb v. James, 147 F.3d 617, 622 (7th Cir. 1998); United States v. Krilich, 152 F. Supp. 2d 983, 992 n.12 (N.D. Ill. 2001), aff'd, 303 F.3d 784 (7th Cir. 2002). Since plaintiff bases his motion, in part, on the purported misrepresentations of defendant, his motion arguably falls under Rule 60(b)(3), which must be brought within

a year of the entry of judgment. See Fed. R. Civ. P. 60(c)(1). Plaintiff filed his motion almost ten years after the entry of judgment. Even if his motion is pursuant to Rule 60(b)(6), it must be brought within a reasonable time. See Fed. R. Civ. P. 60(c)(1). Since plaintiff does not raise any facts or issues that would not have been known to him in 1999 when he stepped down as a Supervisor I, filing his motion in 2008 was not within a reasonable time. To the extent plaintiff's equitable relief motion is pursuant to Rule 60(b), it would clearly be untimely.

Even if plaintiff, presently a pro se litigant, was not otherwise aware of the time restrictions for a Rule 60(b) motion, he would have been well aware of those restrictions because they are expressly mentioned in Hasham VII, at 19 & n.13. Also, plaintiff's present motion makes arguments based on his alleged mistreatment while a Supervisor I. Plaintiff would be well aware of the express statements in Hasham VII, at 9-10 & n.6, that any claim for retaliation would have to be raised in a separate lawsuit and would have to comply with the administrative exhaustion requirements of Title VII or avoid the Eleventh Amendment bar to bringing a claim directly against a state.

Plaintiff's other suggestion is that he can bring his equitable relief motion pursuant to Fed. R. Civ. P. 60(d). Plaintiff does not expound upon this provision, but perhaps he is referring to Rule 60(d)(3) which permits a judgment to be set

aside at any time based on a fraud on the court.[6] A fraud on the court is different from the fraud covered by Rule 60(b)(3). "The term ['fraud on the court'] refers to conduct more egregious than anything here, conduct that might be thought to corrupt the judicial process itself, as where a party bribes a judge or inserts bogus documents into the record." Oxxford Clothes XX, Inc. v. Expeditors Int'l of Wash., Inc., 127 F.3d 574, 578 (7th Cir. 1997). See also Boyer v. GT Acquisition LLC, 2007 WL 2316520 *4-5 (N.D. Ind. Aug. 9, 2007). As further stated in Oxxford: "A lie uttered in court is not a fraud on the liar's opponent if the opponent knows it's a lie yet fails to point this out to the court. If the court through irremediable obtuseness refuses to disregard the lie, the party has . . . a remedy by way of appeal. Otherwise 'fraud on the court' would become an open sesame to collateral attacks, unlimited as to the time within which they can be made by virtue of the express provision in Rule 60(b) on this matter, on civil judgments." 127 F.3d at 578. The purported fraud asserted by plaintiff is not the type of fraud that falls within Rule 60(d)(3) and which may be raised at any time.

The other possibility is that plaintiff is referring to Rule 60(d)(1) which permits an independent action to relieve a

---

[6] Prior to the December 2007 amendment to Rule 60, this provision--formerly "fraud upon the court"--was contained in the second last sentence of Rule 60(b).

party from a judgment.[7]  This procedure, however, is limited to injustices that are sufficiently gross to permit departure from the usual rules.  United States v. Beggerly, 524 U.S. 38, 46 (1998) (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944)).  An independent action is limited to preventing a grave miscarriage of justice.  Beggerly, 524 U.S. at 47; Porter v. Chicago Sch. Reform Bd. of Tr., 187 F.R.D. 563, 566 (N.D. Ill. 1999).  It does not apply to failure of a party to furnish accurate information that could be a basis for a Rule 60(b)(3) motion.  Beggerly, 524 U.S. at 46.  Defendant's supposed misrepresentation as to plaintiff's job status is not a sufficient ground for bringing an independent action.  Cf. Porter, 187 F.R.D. at 566.

Plaintiff's motion for equitable relief will be denied because it is an untimely Rule 60(b) motion and no other basis exists for considering the grounds raised in the motion. Alternatively, the motion would be denied on its merits.  Since plaintiff's case is closed and the equitable relief motion is not properly before the court, there is no basis for granting any discovery.  The discovery motion will also be denied.

Still to be considered are defendant's motions for sanctions.  Defendant requests sanctions under both Fed. R.

---

[7]Prior to the December 2007 amendment to Rule 60, this provision was contained in the second last sentence of Rule 60(b).

Civ. P. 11 and 28 U.S.C. § 1927. Rule 11(c)(2) requires that a Rule 11 sanctions motion "be made separately from any other motion." It also requires that the Rule 11 motion first be served on the opposing party and that it "must not" be filed with the court if the challenged paper is withdrawn within 21 days after service. According to the notice of motion [docket entry 226] filed by defendant, the two sanction motions were mailed to plaintiff on May 21, 2008, which constitutes the date of service. Fed. R. Civ. P. 5(b)(2)(C). Twenty-one days thereafter was Wednesday, June 11. Since service was by mail, however, three additional days are added, plus the ensuing weekend. Fed. R. Civ. P. 6(a)(3), 6(d); Lerro v. Quaker Oats Co., 84 F.3d 239, 242 (7th Cir. 1996).[8] Thus, the 21-day period under Rule 11(c)(2) did not expire until Monday, June 16. Defendant, however, filed its sanction motions with the court on June 9. Since defendant failed to comply with the 21-day requirement of Rule 11(c)(2), sanctions cannot be imposed based on defendant's Rule 11 motions. Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc.: Civil 3d § 1337.2 at 723 (2004).[9]

---

[8] The result is the same if weekend days are not counted based on Rule 6(a)(2) applying to the three-day period of Rule 6(d). See, e.g., Best Buy Stores, L.P. v. Developers Diversified Realty Corp., 2008 WL 2439850 *1 n.3 (D. Minn. July 12, 2008).

[9] Cases are split as to whether including a request for § 1927 sanctions with a request for Rule 11 sanctions, as did

Still to be considered are defendant's requests for sanctions pursuant to § 1927. That statute provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Seventh Circuit has noted a split in the circuits as to whether this statute applies to pro se litigants, but did not have to resolve that issue. See Alexander v. United States, 121 F.3d 312, 316 (7th Cir. 1997). At least one district court case in this circuit has held that § 1927 does not ordinarily apply to a pro se litigant. Kim v. Earthgrains Co., 2003 WL 41643 *1 (N.D. Ill. Jan. 3, 2003). Although § 1927 refers to sanctioning attorneys, defendant makes no argument as to why it

---

defendant in this case, violates the separate motion requirement of Rule 11(c)(2) and therefore would also be grounds for denying the request for Rule 11 sanctions. Compare Harris v. Franklin-Williamson Human Serv., Inc., 97 F. Supp. 2d 892, 910 (S.D. Ill. 2000), with Ridder v. City of Springfield, 109 F.3d 288, 294 n. 7 (6th Cir. 1997); In re Lindemann, 2007 WL 4354426 *6 (Bankr. N.D. Ill. Dec, 10, 2007); and In re Kitchin, 327 B.R. 337, 362-63 (Bankr. N.D. Ill. 2005). Also, Rule 11 may be otherwise inapplicable to plaintiff's discovery motion. See Fed. R. Civ. P. 11(d).

should be construed as applying to a *pro se* litigant. This court will follow the reasoning in Kim and decline to apply § 1927 sanctions to a *pro se* litigant. No sanctions will be awarded.

IT IS THEREFORE ORDERED that defendant's motions to strike [219, 220] are denied without prejudice. Plaintiff's motion to file a surreply [230] is granted. Plaintiff's motion for equitable relief [213] is construed as a motion pursuant to Fed. R. Civ. P. 60(b) and is denied as untimely. Plaintiff's motion to obtain documents [215] is denied. Defendant's motions for sanctions [223, 225] are denied.

ENTER:

[signature]
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 21, 2008